THE ATTORNEY GENERAL

OF TEXAS

Austin, Texas

Honorable William M. Whyburn, President
Texas Technological College
Lubbock, Texas

Dear Mr. Whyburn:                  Opinion No. 0-6232

                                   Re:  Whether or not the Presi-
                                        dent of the Texas Techno-
                                        logical College may also
                                        serve as Chief of the
                                        Operations Analysis Sec-
                                        tion (U.S.) and inciden-
                                        tal questions.

          We beg to acknowledge receipt of your letter as
follows:

          "I should like to request a ruling on the
following matter.

          "On September 11th, 1944 I assumed my duties
as President of the Texas Technological College
and was placed on the official payroll of that
institution. Prior to that time I held an ex-
cepted appointment with the U. S. War Department
as an expert consultant with specific assignment
as Chief, Operations Analysis Section, Head-
quarters, Third Air Force, Tampa, Florida. Com-
pensation for this service was on a basis of $25.00
per day for each day on which actual service was
rendered. The character of the services rendered
under this appointment and the difficulty of find-
ing a suitable replacement for me makes necessary
the continuation of the above named War Department
appointment until such a time as its discontinua-
tion is indicated by the Air Forces.

          "It is expected that beginning with the month
of October there will be several days out of each
month when I can be away from my duties at this
college for service with the Third Air Force. For
such days it is proper that I receive compensation

from federal funds and accordingly that I not receive college funds. I am aware of the Texas Constitutional provision covering this situation. It is my strong desire that the portion of my State salary thus released be added to the funds of the Texas Technological College. Since certain of my duties here will need to be performed by others, and any sacrifice of service due to my absence will be made by the College itself, it is my hope that the adjustment can be made through my making a refund to the College of the exact amount paid to me as college salary for the days when I am serving the War Department. May I request a ruling from your office on the legality of such refund. In order to clarify as much as possible the nature of my appointment with the War Department, I am enclosing certain confidential documents which I hope can be returned for my use later."

Section 40 of Article XVI of the Constitution contains the following:

"No person shall hold or exercise, at the same time, more than one civil office of emolument, except that of Justice of the Peace, County Commissioner, Notary Public and Postmaster, officer of the National Guard, the National Guard Reserve, and the Officers Reserve Corps of the United States and enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, and retired officers of the United States Army, Navy, and Marine Corps and retired Warrant Officers, and retired enlisted men of the United States Army, Navy, and Marine Corps, unless otherwise specially provided herein. * * *"

Section 33 of the same Article declares:

"The accounting officers of this State shall neither draw nor pay a warrant upon the treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust, or profit, under this State or the United States, except as prescribed in this Constitution. * * *"

It would appear that the position of Chief, Operations Analysis Section, with the U. S. War Department is an office of emolument. The appointment is made under Section 9 of the Military Appropriation Act of 1944 for an indefinite period. The appointee is required to take an oath of office, and enter upon duties before any payment of salary can be made. The salary stipulated is $25.00 per diem. Moreover, the duties of such Chief are defined by law.

These facts taken from the documents accompanying your letter appear to present the indicia of an office as contra-distinguished from a mere position of employment. But whether such position be an office, we need not to decide, since it clearly appears that the same is a "position of honor and trust" under the United States, within the meaning of Section 33 of the Constitution above quoted.

This being true, it is clear the Constitution forbids the drawing or payment of any warrant upon the treasury in favor of yourself as President of the Texas Technological College while you continue to hold the position of Chief, Operations Analysis Section.

The effect of Section 33 is to forbid payment out of the State Treasury in such case, rather than to imply a vacation of the office or position.

The many rulings by this department hark back to an opinion by First Assistant Attorney General Cureton, later Chief Justice, holding that Lieutenant Governor Mayes could not be paid his salary while he held at the same time the position of teacher of journalism. (Opinions of Attorney General, 1912-1914, p. 873).

The following recent opinions by this department will show the frequent recurrence of the question, and will also illustrate the respective factual situations involved:

No. 0-58 (State Health Officer and Special Agent Bureau of Census);

No. 0-1421 (State Officer and Deputy Game Warden of U. S. without pay);

No. 0-2388-A (Employee Livestock Sanitary Commission and employee Predatory Animal Division of the Bureau of Biological Division of the U. S.);

No. 0-2607 (Physician employee of two State institutions);

No. O-2701 (Old Age Pension Investigator and member Board of Trustees of Independent School District);

No. O-2769 (State employee and National Guardsman holding an office or position of trust in the active service);

No. O-3061 (An opthalmologist employee of State eleemosynary institution and also of Department Public Welfare);

No. O-3788 (Director of Division Department of Health and part-time employee of Division of Department of Education);

No. O-3693 (District Attorney and inductee in the Army of the U. S.);

No. O-3542 (State Representative and employee of Federal Government as printer at Fort Sam Houston);

No. O-3335 (State employee and draftee under Selective Service Act);

No. O-2991 (Member Board of Directors, Texas College of Arts and Industries and County Superintendent of Public Instruction);

No. O-3045 (Investigator for State Board of Medical Examiners and special Ranger);

No. O-4902 (Employee of State-owned college and employee of a school district part-time basis);

No. O-4908 (Employee teacher of A. & M. College and City Commissioner);

No. O-4562 (Head of Department of Genetics, A. & M. College and member State Seed and Plant Board);

No. O-4433 (Teachers of public school system of Lubbock County and practice teachers for Texas Technological College);

No. O-4343 (State Representative and inductee in Army of the U. S.);

No. O-5107 (District Judge and Public Member Regional War Labor Board);

No. 0-5123 (Parliamentarian to the Senate and employee of Old Age Assistance Division, State Department of Public Welfare);

No. 0-5157 (Member Board of Regents Texas State Teachers Colleges and employee of an independent school district);

No. 0-5232 (President, College of Mines and Metallurgy and Public Panel Member of Regional War Labor Board);

No. 0-5317 (State Representative and employee of a State Department);

No. 0-5349 (Director County Health Unit and part-time Medical Examiner for hospital established by State Department of Health in cooperation with the Federal Government);

No. 0-5281 (Dean of the University of Texas Dental School and member State Board of Health);

No. 0-5525 (Consultant to State Health Officer and teacher in State Medical School);

No. 0-5608 (Employee State Department of Agriculture and member Pink Boll Worm Commission).

Our conclusion in this case is supported by the above opinions.

The documents mentioned by you are herewith returned.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By      /s/ Ocie Speer
        Ocie Speer
        Assistant

OS-MR
Enclosure

APPROVED OCT 2, 1944

/s/ Carlos Ashley          APPROVED
FIRST ASSISTANT            OPINION
ATTORNEY GENERAL           COMMITTEE
                           By  BWB
                           Chairman